JOHN D. GRAY, plaintiff in error, *vs.* AUGUSTUS B. CULBERSON *et al.*, defendants in error.

(BLECKLEY, Judge, having been of counsel, did not preside in this case.)

A decree was rendered requiring the defendant to deliver to plaintiff thirteen shares of stock in a mill company, which were included in a certificate for fifty shares of original stock, the defendant to retain the other thirty-seven shares. Defendant's attorney, having obtained possession of said stock, applied to the mill company to issue certificates in accordance with such judgment. The company issued to defendant new stock to the value of thirty-seven shares of the original stock, but declined to issue to plaintiff in new stock the equivalent of the thirteen shares of original stock, upon the ground that plaintiff had, pending the litigation and before decree, obtained from it all of the extra new stock to which such fifty shares were entitled. On the aforesaid facts, the court did not err in discharging a rule against the attorney requiring him to show cause why said stock should not be delivered in accordance with the decree.

Attachment. Attorneys. Decree. Before Judge HOPKINS. Fulton Superior Court. April Term, 1875.

Report unnecessary.

JULIUS L. BROWN; HILLYER & BROTHER, for plaintiff in error.

A. B. CULBERSON, for defendants.

WARNER, Chief Justice.

This was a rule against the defendant, as an attorney at law, at the instance of the plaintiff in an attachment suit, to show cause why he should not perform a decree that had been rendered against his client upon an equitable plea filed in the case, requiring the latter to deliver to the plaintiff thirteen shares of stock in the Scofield Rolling Mill Company which were included in a certificate for fifty shares of original stock, and thirty-seven shares of new stock of the company. The court, after considering the respondent's answer to the rule, discharged the same; whereupon the plaintiff excepted.

On the statement of facts disclosed in the record we will not interfere to control the discretion of the court in discharging the rule against the attorney of the defendant who appears to have acted in good faith. Besides, it is a novel and rather extraordinary proceeding in our courts to require an attorney, by rule, to perform a decree made against his client.

Let the judgment of the court below be affirmed.